IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN D. WALKER, #1927071 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv99 |
| | § | |
| IMRAN RAJWANI, Medical Director, | § | |
| UTMB c/o Buster Cole State Jail | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Steven D. Walker, previously an inmate confined at the Buster Cole Unit in

Bonham, Texas, filed the above-styled and numbered lawsuit pursuant to 42 U.S.C. § 1983 and 42

U.S.C. § 1973(a). In response, Dr. Imran Rajwani filed a motion to dismiss pursuant to Rule 12(b)

of the Federal Rules of Civil Procedure, to which Plaintiff filed a reply. This opinion concerns Dr.

Rjwani's motion to dismiss (Dkt. #21).

## BACKGROUND

Plaintiff filed a civil rights complaint pursuant to §1983 against Dr. Imran Rajwani, and also

included a claim pursuant to 42 U.S.C. § 1997e(a), the Health Insurance Portability and

Accountability Act (HIPAA). He seeks equitable relief and compensatory and punitive damages

totaling $1 million. Plaintiff sues Dr. Rajwani in both his official and individual capacities.

## STATEMENT OF THE FACTS

In his civil rights complaint, Plaintiff asserts Dr. Rajwani refused to lower his dosage of insulin

for treatment of diabetes, after initially agreeing to do so. He claims Dr Rajwani refused to switch

Plaintiff from insulin to metformin, a pill-based diabetes medication. Plaintiff further claims that he

was not treated for diabetes for a week, between October 7 and October 14, 2015. Finally, Plaintiff

alleges Dr. Rajwani refused to speak to him in private regarding his diabetes treatment, in violation of HIPAA. Plaintiff seeks equitable relief in the form of a full investigation and hearing, as well as compensatory and punitive damages.

## REQUIREMENT TO EXHAUST REMEDIES

The Prison Litigation Reform Act provides that prisoners are required to exhaust their administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 202 (2007). Section §1997e(a) of 42 U.S.C. provides that "no action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The grievance must give the correctional authorities "fair notice" of the problem being complained of, such that these authorities have a fair opportunity to address the problem that will later form the basis of the lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). The Supreme Court stated that correctional authorities will not have a "fair opportunity" to consider the grievance unless the prisoner complies with the procedural rules – meaning that "proper" exhaustion, within the procedural rules laid out by the grievance system, is required. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Johnson v. Ford*, 261 F.App'x 752 (5th Cir. 2008).

Texas state prisons use a two-step formal grievance process. *Johnson*, 385 F.3d at 515. A Texas Department of Criminal Justice (TDCJ) prisoner must file a Step One Grievance within fifteen (15) days of the incident being grieved. *Id*., TDCJ Offender Orientation Handbook 74 (Jan. 2015), *available at* http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf. After receiving an adverse response from Step One grievance, the prisoner may then appeal via Step Two grievance within fifteen (15) days. *Johnson*, 385 F.3dd at 515. A prisoner must strictly adhere

to TDCJ grievance procedures to properly exhaust a claim. *Id.* Inmates may not present new issues at the Step Two level, but must present their claims at both Step One and Step Two levels. *Randle v. Woods*, 299 F. App'x 466 (5th Cir. 2008). Prisoners are limited to pursuing a single issue per grievance. *Id.*, at 467 (noting that "Randle's complaint against Woods is raised for the first time in Randle's Step Two grievance, in violation of TDCJ requirements that only one issue per grievance be presented, and that each issue have been filed at Step One").

In this case, the record shows the response from prison officials to Step Two grievance:

> A review of the Step 1 grievance and documentation was completed *regarding your request not to be seen by the provider* you saw on 10-7-15. An appellate review of the medical grievances and clinical records indicates you were given appropriate information in the Step 1 Response. Additionally, although you stated the date of your complaint[,] there is no evidence to support your complaint against the provider who saw you on that date. Documentation indicates you were seen in accordance with Correctional Managed Health Care Policy E-44.1 [pertains to the effort to ensure continuity of care upon the transfer of a prisoner from facility to facility]. No further action is warranted through the grievance process.

Dkt. #1-1 (emphasis added). Plaintiff's one issue in his grievance No. 2016022748 was that he wanted to be seen by a different doctor. Thus, Plaintiff failed to administratively exhaust the claims brought in this civil action, which were related, but separate from his desire to be seen by a different doctor. TDCJ instructs inmates that they must present only one issue per grievance. *Randle*, 299 F. App'x at 467. Because each of the four (4) claims Plaintiff makes herein were never processed through the prison grievance system as required, the complaint should be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a).

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and (6)

Even if Plaintiff had properly exhausted his administrative remedies, motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case.

Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrerra-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction; thus, the plaintiff constantly bears the burden of proof that jurisdiction does, in fact, exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a Rule 12b)(1) motion is filed in conjunction with other Rule 12 motions, as in this case, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id*.

Furthermore, Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint suffice if it provides naked assertions that are devoid of further factual enhancement.

*Id.* Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Supreme Court in *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

If the facts alleged in a complaint "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not shown entitlement to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). A factual allegation "merely creating a suspicion" that a plaintiff might have a right of action is insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the facts alleged in a complaint fail to permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 44 F.3d at 421.

In *Twombly*, the Supreme Court noted, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ELEVENTH AMENDMENT IMMUNITY**

The Eleventh Amendment bars suit in federal court against a state, or its agencies or departments, regardless of the relief requested. *Pennhurst State Sch. & Hosp. v. Alderman*, 465 U.S. 89, 100 (1984). Neither Congress nor the State of Texas has waived Eleventh Amendment immunity regarding Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity."). A suit for damages against a state official in his official capacity is not a suit against that individual, but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

In this case, Plaintiff's allegations concern matters within the scope of the employment of Dr. Rajwani as a state employee. Consequently, to the extent Plaintiff is suing him for money damages in his official capacity, the Eleventh Amendment bars these claims. Plaintiff's claims for money damages must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

**QUALIFIED IMMUNITY**

Dr. Rajwani also asserts he has qualified immunity for claims asserted against him in his individual capacity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights about which a reasonable person would have known. It gives government officials breathing room to make reasonable, but mistaken judgments, and protects all but the plainly incompetent, or those who knowingly violate the law. *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014) (citations omitted).

To overcome the qualified immunity defense, the plaintiff must allege a violation of a constitutional right and show that the right was clearly established in the specific context of the case. *See Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009). Since both prongs must be satisfied, the Supreme Court concluded that the sequence set forth in *Saucier* should no longer be regarded as mandatory. *Id*. at 236. If the court finds that an official's conduct does not violate a clearly established constitutional right, then qualified immunity applies, and no further analysis is required. *Id*. at 232. If, however, the court finds that the plaintiff has alleged the violation of a clearly established constitutional right, the court must proceed in determining if the defendant's action could reasonably have been thought consistent with that right. *Siegert v. Gilley*, 500 U.S. 226, 230 (1991).

In determining whether the defendant acted reasonably, the court looks to whether the defendants' actions were objectively reasonable in relation to the law as it existed at the time the conduct occurred and in light of the information the defendant possessed. *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1993). Regardless of an official's mistaken assumptions or subjective motivations, he is entitled to qualified immunity if his conduct is determined to have been objectively reasonable. The Fifth Circuit stated:

> [T]he court should ask whether the [defendants] acted reasonably under settled law in the circumstances, not whether another reasonable or more reasonable, interpretation of the events can be constructed . . . after the fact . . . . Even if law enforcement officials erred in [their conclusions], they would be entitled to qualified immunity if their decision was reasonable albeit mistaken. [Citations omitted.]

*Lampkin v. City of Nacogdoches*, 7 F.3d 430, 434-35 (5th Cir. 1993), *cert. denied sub nom*., *Vanover v. Lampkin*, 114 S. Ct. 1400 (1994). Similarly, in *Valencia v. Wiggins*, the Supreme Court held, "It is therefore irrelevant whether the defendants in this case acted with intent to injure as long as their

conduct was objectively reasonable." 981 F.2d 1440, 1448 (5th Cir. 1993), *cert. denied*, 509 U.S. 905 (1993).

A review of the record shows that Plaintiff's claims do not rise to the level of deliberate indifference to a serious medical need. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dept. Of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference to the serious medical needs of an inmate violates the Eighth Amendment and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference constitutes "unnecessary and wanton infliction of pain." *Id.*, at 104. To establish deliberate indifference, a plaintiff must show the defendant was both (1) aware of facts from which he could infer a substantial risk of serious harm to the inmate's health, and (2) actually inferred there was a substantial risk of serious harm to the inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm*." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity." *Doe v. Dallas Independent School District*, 153 F.3d 211, 219 (5th Cir. 1998). Negligence in diagnosing or treating a medical condition is not sufficient. *Estelle*, 429 U.S. at 105-06. Similarly, mere disagreement with medical treatment does not constitute deliberate indifference. *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013).

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarlane*, 41 F.3d 232, 235 (5th Cir.

1995). A plaintiff must show he was refused treatment, his complaints were ignored, he was treated incorrectly intentionally, or any other similar conduct clearly evincing a wanton disregard for any serious medical needs. *Estelle*, 429 U.S. at 105-06.

In the instant case, two of Plaintiff's claims are mere disagreements with treatment choices - (1) Dr. Rajwani's refusal to lower Plaintiff's dosage of insulin, and (2) Dr. Rajwani's refusal to change medications, from insulin to Metformin. Although Plaintiff's appointment with Dr. Rajwani on October 7, 2015, escalated to the point that Dr. Rajwani asked Plaintiff to sign a refusal of treatment, Dr. Rajwani, the medical profession, gets to choose the medical treatment plan. Plaintiff's disputes over his insulin dosage and insulin versus metformin are mere disagreements with Dr. Rajwani's medical treatment plan. Thus, these claims do not constitute deliberate indifference. *Rogers*, 709 F.3d at 410. The claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff also complains about a week-long delay in diabetes treatment, between October 7 and October 14, 2015. However, he fails to show substantial harm from any delay in medical treatment. Delay in medical care can only constitute an Eighth Amendment violation when deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Here, Plaintiff asserts the nurses did not give him insulin for a week until a doctor ordered the doses restored, at which point, he presumably began to feel better. Plaintiff's first opportunity to claim any harm from the delay was when he went to medical and a nurse asked him what was wrong because he was pale. Once Plaintiff filed this lawsuit, he alleged numerous symptoms from the purported gap, "severe medical trauma, major headaches, muscle cramps, sharp pains in feet and legs, stomach

aches, blurred vision and un-balanc [sic], loss of feeling." Thus, Plaintiff's claims allege only minor medical inconveniences except for his conclusory claim of "severe medical trauma." Plaintiff's conclusory statement concerning "severe medical trauma" is insufficient to state a claim. *Rios*, 44 F.3d at 421. In sum, Plaintiff fails to allege substantial harm from the delay of treatment; accordingly, this claim must also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**PERSONAL INVOLVEMENT**

To hold a defendant liable under a § 1983 claim, a plaintiff must show the defendant was personally involved in the alleged constitutional violation. Personal involvement is an essential element. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff must establish a causal connection between the alleged constitutional deprivation and the defendant whom he would hold responsible. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Here, Plaintiff fails to allege any personal involvement by Dr. Rajwani or supervisory-capacity liability for his claim that he went without medical treatment for a week. Specifically, he alleged:

> I kept getting lay in to go get insulin[,] but the nurses would not give me insulin. And they stopped] giving me lay ins to go[,] so I didn't. It was from 10-7-15 to about 10-14-15 that I didn't get [anything] for my body for sugar level to stay normal and not hurt me.

As shown, Plaintiff did not allege that Dr. Rajwani failed to give him insulin, nor does he allege that Dr. Rajwani, as a supervisor, ordered the nurses not to give him insulin. Plaintiff fails to allege personal involvement or supervisory-capacity liability by Dr. Rajwani regarding the week he allegedly went without diabetes treatment. Accordingly, this claim must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## HIPAA CLAIM

Plaintiff also claims his rights were violated because Dr. Rajwani refused to return to the privacy of his office to continue their discussion concerning the appropriate medical treatment. HIPAA generally provides for confidentiality of medical records. 42 U.S.C. §§ 1320d-1 to d-7. Private rights of action to enforce federal law must be created by Congress. *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001). HIPAA has no express provision creating a private cause of action. *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 608 (5th Cir. 2001). HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d-1 to d-7. The Fifth Circuit has unequivocally held that HIPAA does not create a private right of action, and therefore, no federal subject matter jurisdiction exists. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). Even assuming *arguendo* that Plaintiff could bring this claim, the disclosure he alleges was incidental to Dr. Rajwani's permitted disclosure to Plaintiff for his treatment. Plaintiff's allegation of a HIPAA privacy rule violation must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## TDCJ AND UTMB CLAIMS

In Plaintiff's original complaint, he named one defendant - "Imran Rajwani, Medical Director, UTMB, c/o Buster Cole State Jail." He complains only of the medical care received by Dr. Rajwani, asking for an investigation and a hearing and "to be compensated for all damages." Plaintiff then filed an Amended Complaint, styled as "Steven Walker v. TDCJ Medical Dept Imran Rajwani, M.D." Although Plaintiff's Amended Complaint states it seeks $250,000 in equitable relief from TDCJ, $250,000 in compensatory damages from UTMB (University of Texas Medical Branch), and $500,000 from Dr. Rajwani, Dr. Rajwani is the only proper Defendant.

Plaintiff makes no specific claims against TDJC or UTMB. Moreover, TDCJ and UTMB are state agencies, and immune from liability. *Lewis v. UTMB at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *Sampson v. United States*, 73 F. App'x 48 (5th Cir. 2003). Thus, any claims against TDCJ and UTMB are frivolous and must be dismissed pursuant to 28 U.S.C. 1915A(b)(1).

## CONCLUSION

In conclusion, Plaintiff failed to properly exhaust all available administrative remedies before filing suit. Even if Plaintiff had properly exhausted his administrative remedies, his alleged facts do not rise to the level of a constitutional violation. Plaintiff fails to state a claim upon which relief may be granted; thus, Defendant's motion to dismiss must be granted. It is therefore

**ORDERED** that Defendant Dr. Imran Rajwani's motion to dismiss (Dkt. #21) is **GRANTED** and the claims against him are **DISMISSED** with prejudice. Any construed claims against TDCJ and UTMB are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 8th day of March, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE